Kaye, J.
(concurring). Recently, in People v Alvino (71 NY2d 233), this court upheld the admission of evidence of prior uncharged crime to establish defendant’s intent, and today we extend those principles to admission of evidence of subsequent crime. While I join in the logical application of Alvino to the case before us, I write separately to highlight a conceptually elusive point which — while ultimately inconsequential in the case before us — may well be important in other cases, and is therefore deservedly explicated in greater detail.
Generally, evidence of uncharged crimes is inadmissible to establish a predisposition to commit crime, but may be admis *482 sible in certain instances for the purpose of proving particular issues in dispute (see, People v Lewis, 69 NY2d 321, 325; People v Molineux, 168 NY 264). Evidence of other crimes may be offered, for example, to establish a defendant’s knowledge of a particular fact, or to prove intent to commit the charged crime (see, People v Allweiss, 48 NY2d 40). Although knowledge and intent may be discussed interchangeably — and referred to loosely as "state of mind” — they in fact involve discrete legal principles. Evidence of uncharged crimes admissible on one basis may not be admissible on the other.
Admission of uncharged crimes to prove knowledge focuses on the concept of warning (2 Wigmore, Evidence § 301, at 238-239 [Chadbourn rev 1979]). Where, for example, a defendant has been charged with possession of stolen property and the prosecution must establish that defendant knew that the property was stolen, evidence of prior charges of possession of similar stolen property may be probative evidence. Prior possession of stolen property likely gave defendant warning that more goods from the same source would likely also be stolen. Thus, a defendant who acquired stolen goods after having been in effect "warned” of their stolen nature would be hard pressed to claim lack of knowledge that the goods were stolen.
Admission of uncharged crimes to prove intent has an entirely different basis. "The argument here is purely from the point of view of the doctrine of chances — the instinctive recognition of that logical process which eliminates the element of innocent intent by multiplying instances of the same result until it is perceived that this element cannot explain them all.” (2 Wigmore, Evidence § 302, at 241 [Chadbourn rev 1979].) Similar results, quite simply, "do not usually occur through abnormal causes; and the recurrence of a similar result * * * tends * * * to negative accident or inadvertence or self-defense or good faith or other innocent mental state” (id..).
This theoretical distinction between knowledge and intent as the basis for admitting evidence of uncharged crime becomes particularly significant where the evidence sought to be introduced relates to subsequent acts. As the majority opinion notes, for the purpose of proving intent it matters not whether the uncharged crime occurred prior or subsequent to the charged crime. Each prior or subsequent instance, or repetí *483 tion, of particular criminal activity reduces the possibility that an innocent state of mind can account for any of the acts. But where the uncharged crimes are admitted to prove knowledge, the time of the uncharged crime may well be critical. "[A] subsequent act obviously cannot serve as a warning or as proof of defendant’s actual knowledge of a particular fact or condition at an earlier time.” (See, majority opn, at 480, n 2.)
In his limiting instructions following the introduction of the evidence, and again in his charge to the jury, the Trial Judge indicated that the evidence of defendant’s subsequent gas station robbery with Ronnell Harrison was admitted "solely for the purpose of rebutting defendant’s testimony that he did not know Ronnell Harrison would commit the robbery charged * * * in the indictment.” Admission of evidence of a subsequent crime to rebut defendant’s claim of lack of knowledge was error. That defendant may have participated in a gas station robbery on a subsequent occasion does not tend to prove that on the prior occasion he knew what Harrison was going to do. The second gas station robbery simply could not have "warned” defendant of the criminal nature of Harrison’s conduct at the time of the first robbery.
Nevertheless, I agree that evidence of the subsequent crime was admissible on the independent issue of defendant’s intent. Proof that defendant engaged in a subsequent gas station robbery with Harrison was probative of his intent at the time of the earlier robbery. The fact that defendant committed a second robbery with Harrison, while not probative of the state of his knowledge at the time of the first robbery, did tend to decrease the possibility that his presence with Harrison on the earlier occasion was coincidental or otherwise innocent. Thus, in the present case the evidence was properly received, although the rationale was not correctly stated.
Chief Judge Wachtler and Judges Simons, Alexander and Dillon* concur with Judge Hancock, Jr.; Judge Kaye concurs in a separate opinion in which Judge Bellacos a concurs and in which Judge Dillon also concurs.
Order affirmed.

 Designated pursuant to NY Constitution, article VI, § 2.